# IN THE SUPREME COURT OF IOWA

No. 140 / 05–1970

Filed February 29, 2008

**THOMAS S. MILLAM**,

Appellee,

vs.

**STATE OF IOWA**,

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, David H. Sivright, Judge.

Postconviction applicant challenges the court of appeals' reversal of the district court's order granting a new trial on charges of sexual abuse. **DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED; CASE REMANDED.**

Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant Attorney General, for appellant.

Kent A. Simmons, Davenport, for appellee.

**LARSON**, **Justice**.

Thomas Millam was convicted of two counts of second-degree sexual abuse under Iowa Code section 709.3(2) (1999) and sentenced to two concurrent twenty-five-year terms of imprisonment. We dismissed Millam's appeal pursuant to Iowa Rule of Appellate Procedure 6.104. Millam filed an application for postconviction relief under Iowa Code chapter 822, which was granted by the district court. The court of appeals reversed, and we granted Millam's application for further review. We vacate the decision of the court of appeals, affirm the judgment of the district court, and remand for a new trial.

## I. Facts and Prior Proceedings.

Counts I and II of the sexual-abuse charges against Millam pertained to Millam's girlfriend's seven-year-old daughter, J.S. Count III pertained to Millam's daughter. A jury convicted Millam on counts I and II, but acquitted him on count III. In his application for postconviction relief, Millam raised several claims of ineffective assistance of counsel, including counsel's failure to move to sever counts I and II from count III, counsel's failure to offer evidence of J.S.'s prior false claims of sexual abuse, counsel's failure to conduct a reasonable investigation, and counsel's failure to investigate and rebut the State's suggestion of flight, as well as counsel's failure to assert a claim of prosecutorial misconduct. The district court granted Millam's application for postconviction relief, concluding Millam's trial counsel was ineffective for failing to move to sever counts I and II from count III. The court of appeals reversed. Because we conclude Millam's counsel was ineffective for failing to offer evidence of J.S.'s prior false claims of sexual abuse, we do not reach Millam's other arguments.

## II.  Standard of Review.

Postconviction relief proceedings are generally reviewed for correction of errors at law.  *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).    However, ineffective-assistance-of-counsel claims are constitutional in nature, and as such, our review is de novo.  *Id.*  We give weight to the lower court's determination of witness credibility.  *Id.*

## III.  Applicable Law.

Iowa law regarding ineffective assistance of counsel is well established.  In order to prevail on such a claim, the applicant must prove, by a preponderance of the evidence, that trial counsel failed to perform an essential duty and the applicant was prejudiced thereby.  *State v. Williams*, 695 N.W.2d 23, 28–29 (Iowa 2005); *Ledezma*, 626 N.W.2d at 142.

An attorney fails to perform an essential duty when the attorney "perform[s] below the standard demanded of a reasonably competent attorney."  *Ledezma*, 626 N.W.2d at 142.  We presume the attorney performed competently, and the applicant must present "an affirmative factual basis establishing inadequate representation."  *State v. Oetken*, 613 N.W.2d 679, 683 (Iowa 2000).  "Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel."  *Ledezma*, 626 N.W.2d at 143.  However, "strategic decisions made after a 'less than complete investigation' must be based on reasonable professional judgments which support the particular level of investigation conducted."  *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 690–91, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d 674, 695 (1984)).  "Trial counsel has no duty to raise an issue that has no merit."  *State v. Graves*, 668 N.W.2d 860, 881 (Iowa 2003).  We do not expect counsel to anticipate changes in the law, and counsel will not be

found ineffective for a lack of "clairvoyance." *See Williams*, 695 N.W.2d at 30. However, "[i]n situations where the merit of a particular issue is not clear from Iowa law, the test 'is whether a normally competent attorney would have concluded that the question . . . was not worth raising.'" *Graves*, 668 N.W.2d at 881 (quoting *State v. Schoelerman*, 315 N.W.2d 67, 72 (Iowa 1982)); *see also State v. Westeen*, 591 N.W.2d 203, 210 (Iowa 1999).

An applicant is prejudiced by counsel's failure to perform an essential duty when " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Ledezma*, 626 N.W.2d at 143 (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698). "A reasonable probability is one that is 'sufficient to undermine confidence in the outcome.'" *State v. Bayles*, 551 N.W.2d 600, 610 (Iowa 1996) (citations omitted).

## IV. Discussion.

During the course of investigating J.S.'s claims that she was sexually abused by Millam, investigators were informed by J.S.'s mother that J.S. had made similar accusations against one of her mother's previous boyfriends. J.S. later recanted those accusations. Millam's trial counsel did not offer this information into evidence, believing it was excluded by Iowa's rape-shield law—Iowa Rule of Evidence 5.412. Millam contends his trial counsel breached an essential duty by failing to offer this information into evidence, and Millam was prejudiced thereby. Both the district court and court of appeals disagreed, concluding the law regarding whether a victim's prior false claims of sexual abuse were protected by the rape-shield law was unsettled at the time, and counsel

was under no duty to anticipate changes in the law. Therefore, counsel had no duty to raise the issue.

Iowa's rape-shield law provides, in pertinent part:

> Notwithstanding any other provision of law, in a criminal case in which a person is accused of sexual abuse, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible . . . .

Iowa R. Evid. 5.412(b). At the time of Millam's trial, we had not yet determined whether a victim's prior false claims of sexual abuse were "evidence of a victim's past sexual behavior" and, therefore, inadmissible pursuant to rule 5.412(b). However, in *State v. Alvey*, 458 N.W.2d 850, 852 (Iowa 1990), we excluded such evidence, concluding that, even if it was outside the rape-shield law, it was inadmissible under general relevancy considerations.

In 2004 we decided the case of *State v. Baker*, 679 N.W.2d 7 (Iowa 2004), in which we held that a victim's prior false claims of sexual abuse do not constitute "sexual behavior" and, thus, are not protected by our rape-shield law. Today, in order for evidence of the victim's prior false claims of sexual abuse to be admitted into evidence, the defendant must first make a threshold showing to the court that "(1) the complaining witness made the statements and (2) the statements are false, based on a preponderance of the evidence." *State v. Alberts*, 722 N.W.2d 402, 409 (Iowa 2006). If the prior claims are determined to be false, the rape-shield law is inapplicable, and the claims are admissible if they meet " 'all other applicable evidentiary requirements and considerations.' " *Id.* at 410 (quoting *State v. Quinn*, 490 S.E.2d 34, 40 (W. Va. 1997)).

It is clear that, at the time of trial in the present case, Iowa law was unsettled on the question of whether prior false claims of sexual abuse were protected by the rape-shield law. In *Alvey* we specifically declined

to address whether such claims fall outside the rape-shield law and, thus, are admissible if relevant. Though some of our prior case law indicates that counsel has no duty to raise an issue if the law is merely unsettled, *see, e.g., Bayles*, 551 N.W.2d at 610, we have since made it clear that the test to determine whether counsel is required to raise an issue " 'is whether a normally competent attorney would have concluded that the question . . . was not worth raising.' " *Graves*, 668 N.W.2d at 881 (quoting *Schoelerman*, 315 N.W.2d at 72); *see also Westeen*, 591 N.W.2d at 210. This test does not require an attorney to be clairvoyant, but rather to research the relevant legal issues and determine whether, given the circumstances of the particular case, the issue is "worth raising."

The State's case against Millam was based almost exclusively on J.S.'s testimony. There was no physical evidence of the sexual abuse, nor were there any witnesses. This was a case of "he said, she said." As a result, J.S.'s credibility was pivotal to the State's case. Any evidence undermining that credibility could only work in Millam's favor, particularly evidence that J.S. had made, and later recanted, similar claims of sexual abuse. Millam's trial counsel testified that he did not research whether the evidence would be admissible despite the rape-shield law. In fact, research of the law in other jurisdictions would have revealed that many jurisdictions had concluded that prior false claims of sexual abuse were not protected by their rape-shield laws. *See Baker*, 679 N.W.2d at 10 ("Virtually all cases considering the issue have found that false claims of prior sexual conduct do not fall within the coverage of rape-shield laws."); *see generally* Nancy M. King, Annotation, *Impeachment or Cross-Examination of Prosecuting Witness in Sexual Offense Trial by Showing That Similar Charges Were Made Against Other*

*Persons*, 71 A.L.R.4th 469 (1989). In this case, the wording of the rape-shield law itself is quite clear: it refers to sexual behavior, and quite simply, claims of sexual abuse are not sexual behavior. It seems that, even before *Baker*, defense attorneys would seize on the plain language of the law and offer evidence of a victim's prior false claims. We conclude Millam's counsel failed in an essential duty by not offering evidence of J.S.'s prior false claims of sexual abuse.

Next, we must determine whether Millam was prejudiced by counsel's failure. We think so. "When the performance of counsel relates to the failure to present evidence, we must consider what bearing the evidence may have had on the outcome of the case." *Ledezma*, 626 N.W.2d at 148. Evidence of J.S.'s prior false claims of sexual abuse could have greatly impugned her credibility, thus lending credence to Millam's contention that he did not sexually abuse her. In fact, J.S.'s own mother doubted her claims against Millam due to her prior false claims. Because of the State's reliance on J.S.'s claims and the lack of supporting physical evidence, this evidence would have "challenged the very core of the State's case." *Id.* at 149. In a case in which the evidence against the defendant is not overwhelming, such evidence is imperative to an effective defense. *Id.* at 148; *see also State v. Carey*, 709 N.W.2d 547, 559 (Iowa 2006) (the strength of the State's case is important when determining prejudice). "It becomes easier to doubt the fundamental fairness of a trial, and to question the reliability of the verdict, when the evidence by the State is not overwhelming and the errors by counsel are significant." *Ledezma*, 626 N.W.2d at 148–49. In a case also involving sexual misconduct (though not in the context of ineffective assistance of counsel), we analyzed the prejudice suffered by a defendant as a result of

the court's refusal to allow him to prove the victim made prior false claims of sexual misconduct:

> The verdict was primarily ground[ed] on the conflicting testimony of R.M. and Alberts. R.M. testified Alberts sexually assaulted her. Alberts admits having sex with her, but claims the sex was consensual. There was no physical evidence of an assault. No other witnesses testified Alberts sexually assaulted the victim. The jury's assessment of the relative credibility of R.M. and Alberts was the key to the conviction, thereby enhancing the relevance of the allegedly false prior allegation. By denying Alberts the opportunity to prove to the court R.M. made a prior false claim of sexual misconduct, the court hampered Alberts' ability to argue R.M. accused another man of improper conduct to disguise her own questionable behavior. This error may have unduly prejudiced Alberts' defense and therefore requires us to remand the case so the trial court may determine whether R.M. made false statements to Josh.

*Alberts*, 722 N.W.2d at 412. Our reasoning in *Alberts* is equally applicable to the present case. We conclude that the possibility that this evidence would have impugned J.S.'s credibility is " 'sufficient to undermine confidence in the outcome.' " *Bayles*, 551 N.W.2d at 610 (quoting *Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984)). As a result, " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Ledezma*, 626 N.W.2d at 143 (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698).

### V. Conclusion.

Millam was denied his constitutional right to effective assistance of counsel when his counsel failed to offer evidence of J.S.'s prior false claims of sexual abuse, and Millam was prejudiced thereby. An attorney's duty to raise unsettled legal issues is not, of course, unlimited. However, in the present case, the legal issue was in flux. That fact, coupled with the wording of the rule itself, should have alerted Millam's

attorney to the possibility that such evidence may not be protected by the rape-shield law.  Considering that this evidence was central to Millam's defense, the issue was certainly worth raising, and counsel should have taken some action to present this evidence to the fact finder.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED; CASE REMANDED.**