# IN THE COURT OF APPEALS OF IOWA

No. 14-0954
Filed April 27, 2016

**JAMES CARSON EFFLER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

    Appeal from the Iowa District Court for Polk County, Jeanie Kunkle Vaudt, Judge.

    James Effler appeals from the denial of his application for postconviction relief. **AFFIRMED.**

    Jessica Maffitt of Benzoni Law Office, P.L.C., Des Moines, for appellant.

    Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee State.

    Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

James Effler appeals from the denial of his application for postconviction relief. We conclude neither trial nor appellate counsel provided constitutionally deficient performance and therefore affirm the district court's ruling.

James Effler was convicted of first-degree kidnapping for taking a two-year-old girl to the men's bathroom of the Des Moines Central Library and sexually abusing her. *State v. Effler*, 769 N.W.2d 880, 882 (Iowa 2009) (*Effler II*). On direct appeal, Effler claimed the district court erred in denying his motion to suppress incriminating statements made during an interrogation after he had requested counsel. *Id.* He also asserts he was denied effective assistance of counsel when his attorney failed to challenge the statements under the Iowa Constitution. *Id.* This court reversed on the first issue and did not reach the second. *State v. Effler*, No. 06-1417, 2008 WL 942051, at *6 (Iowa Ct. App. Apr. 9, 2008) (*Effler I*). The supreme court granted further review, and because "the justices are equally divided on the issue of whether the motion to suppress should have been granted," Effler's conviction was affirmed. *Effler II*, 769 N.W.2d at 884.

In an amended application for postconviction relief filed on June 17, 2013, Effler raised the following grounds for relief: (1) counsel was ineffective by failing to raise Iowa constitutional challenges in the motion to suppress statements made by Effler during a police interrogation;[1] (2) counsel was ineffective by

---

[1] In a previous appeal, we ruled this claim of ineffective assistance of counsel, though acknowledged by *Effler II*, 769 N.W.2d at 897, had not been previously adjudicated:

> In regard to the second issue of ineffective assistance of counsel, the [supreme] court acknowledged that three members of the court "would

failing to raise an as-applied cruel-and-unusual-punishment challenge to Effler's sentence of life imprisonment; (3) trial counsel was ineffective by failing to properly advise Effler of the consequences of proceeding directly from trial to sentencing, such as giving up his right to file a motion for new trial; and (4) appellate counsel was ineffective in failing to raise on appeal trial counsel's ineffectiveness in proceeding to immediate sentencing. On May 27, 2014, following a hearing, the district court denied Effler's application for postconviction relief (PCR). On appeal from the denial of his PCR application, Effler challenges the district court's ruling that counsel was not constitutionally deficient in failing to raise the Iowa Constitution as an independent ground for suppressing his confession.[2]

We generally review PCR proceedings for correction of errors at law. *Millam v. State*, 745 N.W.2d 719, 721 (Iowa 2008). "However, ineffective-assistance-of-counsel claims are constitutional in nature, and as such, our review is de novo." *Id.*

Upon our de novo review, we agree with the district court's well-written and well-reasoned decision, finding Effler failed to prove counsel failed to

---

decline to find that counsel was ineffective." *Id.* at 897 (Appel, J., specially concurring) ("It appears that there are three members of this six-member court who would decline to find that counsel was ineffective."). However, pursuant to Iowa Code section 602.4107, beyond the finding that the six-member court was equally divided (and the judgment of the district court shall therefore stand affirmed), "the decision of the supreme court is of no further force or authority." Accordingly, we conclude the [supreme] court did not make a final adjudication of the issue of ineffective assistance of counsel, and that claim is not barred by res judicata principles in this postconviction proceeding.

*Effler v. State*, No. 10-2038, 2013 WL 988644, at *4 (Iowa Ct. App. Mar. 13, 2013) (*Effler III*). We thus remanded for a hearing on the ineffectiveness claims.

[2] He does not challenge the other rulings of the district court.

perform an essential duty from which prejudice resulted. *See id.* ("In order to prevail on [an ineffective-assistance-of-counsel] claim, the applicant must prove, by a preponderance of the evidence, that trial counsel failed to perform an essential duty and the applicant was prejudiced thereby."). We adopt the district court's analysis:

> In [*State v.*] *Morgan*, appellate counsel raised a state constitutional claim under the article I, section 9 due process clause. 559 N.W.2d [603], 609 [(Iowa 1997)]. In rejecting this claim, the *Morgan* court made it very clear that requiring law enforcement personnel to ask clarifying questions when faced with an equivocal request for counsel was "in no way mandated by *any* provision of the Iowa Constitution." *Id.* (emphasis added).
>
> It was the 2009 Iowa Supreme Court's three/three split in *Effler II* on further review in Effler's direct appeal of whether his request for counsel prior to confessing was ambiguous that signaled potential for a sea change in how the 2009 Court might interpret the Iowa Constitution if a claim was raised under it in such factual circumstances in the future. *Effler II* revealed, for the first time, an invitation by three members of the 2009 Court to criminal defense lawyers to begin raising specific arguments under the Iowa Constitution in situations where they believe criminal defendants have unequivocally requested, and are denied, counsel prior to making inculpatory statements. *Effler II*, 769 N.W.2d at 895-96. (Appel, J., specially concurring).
>
> We do not require criminal defense lawyers to be prescient. *State v. Schoelerman*, 315 N.W.2d 67, 72 (Iowa 1982); *Snethen v. State*, 308 N.W.2d 11, 16 (Iowa 1981). A lawyer must know he has a duty, and that this duty is an essential duty, before he can breach it and be considered "ineffective." Effler argues that his trial counsel should have considered "a gathering tide" of opinions by the Iowa Supreme Court discussing raising independent challenges under the Iowa Constitution. . . . His argument is more than offset by two very material facts: (a) none of the opinions Effler relies upon for his position squarely address facts like Effler's, and (b) many of the opinions he cites were decided and published *after* Effler's suppression hearing, trial, and direct appeal.

We therefore affirm.

**AFFIRMED.**