# IN THE COURT OF APPEALS OF IOWA

No. 15-0989
Filed August 31, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ELIZABETH ANN CAIN-WEST,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Des Moines County, Michael G. Dieterich, District Associate Judge.

The defendant appeals from her conviction for driving while barred as an habitual offender. **AFFIRMED.**

William R. Monroe, Burlington, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., Tabor, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BLANE, Senior Judge.**

Elizabeth Cain-West appeals from her conviction for driving while barred as an habitual offender, in violation of Iowa Code section 321.561 (2013). Cain-West maintains she received ineffective assistance from trial counsel. Specifically, she maintains counsel was ineffective for failing to object to a jury instruction that failed to explain that operating a vehicle applies only to vehicles in motion or with an engine running. Additionally, she maintains counsel was ineffective for failing to object to jury instructions that used language other than that of the uniform jury instructions.

In order to prevail on her claim, Cain-West must establish both that (1) "trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Both elements must be proved by a preponderance of the evidence. *Id.* We may consider the elements in either order, and failure to establish either element is fatal to the claim. *See Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). We review claims of ineffective assistance of counsel de novo, but only after we determine that the record is adequate to decide the claim on direct appeal. *See Straw*, 709 N.W.2d at 133. In this case, we find the record adequate.

Cain-West maintains counsel was ineffective for failing to object to the jury instruction which defined "operate" as "having actual physical control over a motor vehicle." Cain-West argues this was a misstatement of the law because "operation" requires the vehicle to be in motion or have the engine running, and the jury was not instructed as such. *See State v. Hopkins*, 576 N.W.2d 374, 377

(Iowa 1998). Under the facts of this case, there was no question whether the vehicle in question was in motion or the engine was running—the only question for the jury was whether Cain-West was the person operating the vehicle. Here, the jury heard evidence that Cain-West had been driving her truck when she hit another vehicle. Not only did the owner of the struck vehicle testify that Cain-West admitted she was responsible for hitting the vehicle, a recording from an investigating officer's body camera that was played for the jury showed Cain-West stating the following to the officer: "I pulled in and backed out, and I accidentally hit her car"; "I moved the truck across the street"; "I drove it from there to there"; "I could have hit that and drove away, but I was honest enough to come to the door and say 'I backed into your thing'"; and "I gave her my phone number and name—nobody even would have known I hit her car. I was honest."

Since it was not contested that the defendant's truck was in motion or the engine running when it struck the other vehicle, the jury instruction was not an incorrect statement of the law. Even if the jury should have been instructed otherwise regarding the meaning of "operated," Cain-West cannot establish there is a reasonable probability the result would have been different if counsel had objected to the instruction as given. Although at trial Cain-West denied she was driving the vehicle and called two witnesses who testified they saw her exit the passenger side after the accident, the jury clearly believed Cain-West was the person driving the truck when it struck the other vehicle.

Cain-West also maintains counsel was ineffective for failing to object to the trial court's departure from the language of the uniform jury instructions. Specifically, Cain-West maintains counsel had a duty to object to the use of "the

defendant" rather than her name and the court's restatement of how the jury should weigh evidence. Cain-West places form over substance, and such an objection has no merit. "The court may phrase instructions in its own words as long as the instructions given fully and fairly advise the jury of the issues it is to decide and the law which is applicable." *State v. Liggins*, 557 N.W.2d 263, 267 (Iowa 1996). "[T]he trial court is not bound to any model or form in wording instructions." *State v. Tensley*, 249 N.W.2d 659, 662 (Iowa 1977). Counsel has no duty to raise a meritless objection. *Milliam v. State*, 745 N.W.2d 719, 721–72 (Iowa 2008). Because we find the various jury instructions were correct statements of law, Cain-West cannot establish that trial counsel breached a duty by failing to object to them.

Both of Cain-West's claims of ineffective assistance fail, and we affirm her conviction for driving while barred.

**AFFIRMED.**