# IN THE COURT OF APPEALS OF IOWA

No. 15-1138
Filed December 21, 2016

**MICHAEL JOHN BONERT,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Delaware County, Michael J. Shubatt, Judge.

Michael John Bonert appeals the denial of his postconviction-relief application. **AFFIRMED.**

Thomas M. McIntee, Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., Bower, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MULLINS, Presiding Judge.**

This is an appeal of the district court's denial of Michael John Bonert's postconviction-relief (PCR) application. The facts underlying this action were summarized on direct appeal and are not restated herein. *See State v. Bonert*, No. 11-1677, 2012 WL 4550851, at *1-2 (Iowa Ct. App. Oct. 3, 2012). In his PCR action and on appeal, Bonert claims his trial counsel provided ineffective assistance of counsel. Our review is de novo. *See Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016).

Bonert claims his counsel was ineffective in failing to adequately explain the impact of his waiver of jury trial. Specifically, he claims he was misinformed the jury would hear about his prior convictions in a jury trial, which implied the judge would not in a bench trial. In its order, the PCR court noted Bonert's attorney testified at the PCR hearing that he and Bonert "agreed that once the jury heard of the number of convictions and prior actions of Bonert, they would be unlikely to consider any defense he may put forth. [Bonert's attorney] testified that both he and Bonert believed that trying the matter to the Court was his best option." Bonert does not claim his counsel affirmatively misinformed him the judge would not hear of the convictions. We affirm the PCR court's finding Bonert's trial counsel was not ineffective and Bonert made an intelligent and well-informed decision to waive his right to trial by jury.

Bonert also claims his counsel was ineffective in allowing him to waive jury trial less than ten days before trial. *See* Iowa R. Crim. P. 2.17(1). This challenge was not addressed or ruled upon by the PCR court. It is not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

Next, Bonert claims his counsel was ineffective in failing to provide background information on the judge and failing to make inquiries into the judge's background. This claim was not addressed by the PCR court. *See id.* Further, Bonert failed to cite any law indicating such a duty exists; accordingly, we deem the claim waived. *See* Iowa R. App. P. 6.903(2)(g)(3).

Bonert also alleges the district court erred in accepting his waiver of jury trial because he was not properly advised of the rights he was waiving. Bonert fails to challenge the district court's colloquy with any specificity. We agree with the PCR court that the district court's colloquy was sufficient. On appeal, Bonert argues a different judge should have accepted the waiver than the judge that held the trial. Again, Bonert provides no citation to law in support of his claim; thus, we deem his claim waived. *Id.*

Finally, Bonert claims his counsel was ineffective in failing to call a witness, failing to present related documentary evidence, and failing to impeach one of the State's witnesses. Counsel explained his reasoning for not calling the witness, specifically, that Bonert's story lacked credibility and was unrealistic. We affirm the PCR court's finding Bonert's counsel's decision was a matter of trial strategy that does not rise to the level of ineffective assistance of counsel. *See Millam v. State*, 745 N.W.2d 719, 721 (Iowa 2008). The documentary evidence and impeachment challenges were not addressed by the PCR court and thus are not preserved for our review. *See Meier*, 641 N.W.2d at 537.

We affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**