**IN THE COURT OF APPEALS OF IOWA**

No. 16-2069
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TREVOR LEE MARTIN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Webster County, Kurt J. Stoebe,

Judge.

        A felon appeals his conviction for knowingly possessing a firearm.

**AFFIRMED.**

        Charles J. Kenville of Kenville Law Firm, P.C., Fort Dodge, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.

        Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

Residents of the Coleman District of Fort Dodge recalled Trevor Martin walking around their neighborhood "ranting and raving" and carrying a long gun. A jury later convicted him of knowingly possessing a firearm as a felon. On appeal, Martin argues his attorney was ineffective in not asking the district court to instruct the jury on the definition of "knowingly." Because that word did not carry a specialized legal connotation, counsel had no duty to ask for the uniform instruction defining "knowledge." Accordingly, we affirm.

## I.      Facts and Prior Proceedings

"Granny, there's a guy at the corner with a gun and two little kids." A sixty-six-year-old resident testified her teenaged granddaughter alerted her to the disturbance unfolding in their neighborhood around suppertime on August 28, 2016. The "guy" turned out to be Martin, who was carrying a Ruger semiautomatic .22 caliber rifle, loaded with two clips of ammunition. The grandmother testified:

> At first, he was carrying [the long gun], sideways; and then he set it down on the ground. And there were two little girls with him. One of the little girls picked it up. And he said to that little girl, "You'll shoot my daddy in the face for me."

Martin then took the gun back from the girl and continued walking around, repeatedly saying: "I'm going to shoot you in the face." The grandmother yelled at Martin to get out of her yard before another bystander grabbed the gun away from him. A short time later, police officers arrived and arrested Martin.

The State charged Martin with being a felon in possession of a firearm, a class "D" felony, in violation of Iowa Code section 724.26 (2016).[1] A jury found him guilty in November 2016, and the court sentenced him to an indeterminate five-year prison term. Martin appeals, seeking a new trial.

## II.     Ineffective Assistance of Counsel—Jury Instruction

Martin argues he did not receive effective representation at trial because his attorney did not request the jury be instructed on the meaning of "knowingly" as that term appeared in the marshalling instruction for possession of a firearm by a felon. He claims without that instruction, he was denied due process of law.

We review Martin's claim of ineffective assistance of counsel de novo. *See State v. Ambrose*, 861 N.W.2d 550, 555 (Iowa 2015). On appeal, Martin must show counsel omitted an essential duty and that omission resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Martin must satisfy both prongs before we will find counsel was ineffective. *See State v. Russell*, 897 N.W.2d 717, 730 (Iowa 2017). If he fails to meet one prong, we need not address the other. *See id.* On the first prong, Martin must show his attorney's performance fell "below the standard demanded of a reasonably competent attorney." *State v. Virgil*, 895 N.W.2d 873, 879 (Iowa 2017) (quoting *Millam v. State*, 745 N.W.2d 719, 721 (Iowa 2008)). Martin was prejudiced if a reasonable probability existed that, but for counsel's omission, the result of the trial would have been different. *See id.* at 882. While we often preserve such

---

[1] Iowa Code section 724.26(1) provides: "A person who is convicted of a felony . . . and who knowingly has under the person's dominion and control or possession, receives, or transports or causes to be transported a firearm or offensive weapon is guilty of a class 'D' felony."

claims for further factual development, *see id.* at 879, this record enables us to decide the question.

The district court instructed the jury the State had to prove the following elements to convict Martin of possession of a firearm by a felon:

> 1. On or about the 28th day of August, 2016, the defendant knowingly possessed a firearm.
> 2. Prior to the 28th day of August, 2016, the defendant had been convicted of a felony.
> If the State has proved both elements, the defendant is guilty of Possession of a Firearm by a Felon. If the State has failed to prove either of the elements, the defendant is not guilty.

The court also provided the jury definitional instructions for the terms "firearm" and "possession." But without a request from defense counsel, the court did not define the word "knowingly" for the jurors.

Martin argues his attorney breached a material duty in not asking for the uniform jury instruction[2] defining "knowledge," which provides:

> **200.3 Knowledge—Definition.** For the defendant to [know] [have knowledge of] something means [he] [she] had a conscious awareness that (element requiring knowledge).

Martin alleges that without this definitional instruction, the jury was "free to conclude mere possession" without knowledge of the nature or quality of the item possessed was enough to find him guilty of being a felon in possession of a firearm. Martin claims he was prejudiced by the omission because the State's witnesses testified to his erratic behavior and questioned his mental health, leaving open the possibility that he did not appreciate he possessed a firearm as defined by law.

---

[2] The Iowa Criminal Jury Instructions are published by a committee of the Iowa State Bar Association.

In criminal trials, the district court must instruct the jury on "the definition of the crime." *Id.* at 880. The court must define technical terms or legal terms of art but need not define words of "ordinary usage." *Id.* Our supreme court decided the term "knowingly"—in the context of "knowingly" aiding and abetting the commission of a crime—was not a term with a "technical legal meaning" that required a definitional instruction. *State v. Hoffer*, 383 N.W.2d 543, 549 (Iowa 1986) (holding "knowledge" was "a word of common usage"); *see also United States v. Smith*, 635 F.2d 716, 720 (8th Cir. 1980) ("The word 'knowledge' as used in the instruction on the elements of the offense is a word of common usage and thus within the ordinary understanding of a juror.").

Given the holding in *Hoffer*, we cannot find counsel breached a material duty by not asking for the uniform instruction defining "knowledge." The word was within the understanding of a lay juror. It did not carry a different meaning in the marshalling instruction than it does in everyday parlance. Accordingly, the absence of a definitional instruction did not violate Martin's right to due process. Martin is not entitled to a new trial.

**AFFIRMED.**