# IN THE COURT OF APPEALS OF IOWA

No. 19-1254
Filed February 3, 2021

**HIPOLITO DUBON PANTALEON,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Boone County, Bethany Currie, Judge.

Hipolito Dubon Pantaleon appeals the denial of his application for postconviction relief. **AFFIRMED.**

Benjamin D. Bergmann and Alexander Smith of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., Greer, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**SCOTT, Senior Judge.**

Hipolito Dubon Pantaleon (Dubon) appeals the denial of his application for postconviction relief. He argues the postconviction court abused its discretion in denying his request for an expert witness on false confessions at state expense and in rejecting his claims of ineffective assistance of his criminal defense attorney in plea negotiations and at trial. As to the ineffective-assistance claims, Dubon argues counsel improperly failed to (1) understand the immigration consequences of the convictions and organize his defense or reach a plea agreement based on the immigration consequences, (2) properly challenge the entry of his confession by proposing a new promissory-leniency standard under the Iowa Constitution and retaining an expert witness on the issue of false confessions, (3) propose a stricter standard for confrontation clause issues under the Iowa Constitution, (4) properly handle evidence allegedly vouching for the victims' credibility, and (5) pursue a false memory theory of defense. Lastly, Dubon claims counsel's mistakes amount to cumulative error.

## I.      Background Facts and Proceedings

In 2013, Dubon was charged by trial information with two counts of lascivious acts with a child and one count of indecent contact with a child, stemming from his alleged conduct with his two daughters. The children had previously been interviewed at a child protection center, and Dubon had made inculpatory statements during a police interview, all of which were recorded. Dubon unsuccessfully moved to suppress all of the video evidence, the confession as in violation of his *Miranda* rights, and the children's interviews on hearsay and confrontation grounds. The court subsequently granted the State's motion to

permit the children to testify at trial through closed-circuit television, pursuant to Iowa Code section 915.38(1) (2013). Following a bench trial, the court found Dubon guilty of two counts of lascivious acts with a child.

On appeal, we affirmed Dubon's convictions, rejecting his challenges to the court's admission of the children's interviews and grant of the State's section 915.38(1) motion. *See generally State v. Pantaleon*, No. 15-0129, 2016 WL 740448 (Iowa Ct. App. Feb. 24, 2016). Dubon filed an application for postconviction relief, raising various claims of ineffective assistance of counsel in the criminal proceeding. He subsequently moved for appointment of an expert at state expense "to prove what the expert would have said if he had been properly retained by prior counsel" on the issue of false confessions. The court denied the motion. The matter proceeded to a trial on the merits, the court denied relief, and this appeal followed.

**II. Analysis**

A. Appointment of Expert

First, Dubon argues the postconviction court abused its discretion in denying his motion for an expert witness at state expense on the issue of false confessions. We review said denial for an abuse of discretion, our most deferential standard of review. *See State v. Leutfaimany*, 585 N.W.2d 200, 207 (Iowa 1998); *see also State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017).

In his motion for an expert witness, Dubon claimed he needed an expert "to prove what the expert would have said if he had been properly retained by prior counsel" on the issue of false confessions. There must be a reasonable need for expert services to appoint an expert witness on postconviction relief. *Linn v. State*,

929 N.W.2d 717, 749 (Iowa 2019). And, when the party seeking an expert "is merely embarking on a 'random fishing expedition' in search of a defense," allowing state funds for experts is discouraged. *Id.* (quoting *Leutfaimany*, 585 N.W.2d at 208).

The court found no indication of falsity in relation to Dubon's confession. We likewise find no subjective or objective indices of involuntariness or falsity of the confession and, absent the same, Dubon was "merely embarking on a 'random fishing expedition' in search of a defense," and because allowing state funds for experts is discouraged in such a situation, the district court did not abuse its discretion in denying the request. *See Leutfaimany*, 585 N.W.2d at 208. We affirm the denial of Dubon's motion for appointment of an expert at state expense.

B.      Ineffective Assistance of Counsel

Dubon alleges counsel was ineffective in various respects, as laid out above. Appellate review of claims of ineffective assistance of counsel is de novo. *State v. Gordon*, 943 N.W.2d 1, 3 (Iowa 2020). To succeed on his ineffective-assistance-of-counsel claims, Dubon must establish "(1) that counsel failed to perform an essential duty and (2) that prejudice resulted." *State v. Kuhse*, 937 N.W.2d 622, 628 (Iowa 2020); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)).

1.      Plea negotiations

Dubon claims his trial counsel "was ineffective by failing to understand the immigration consequences of the convictions and by failing to organize his defense

based on the immigration consequences." The general argument appears to be that counsel should have effectuated a plea agreement with the State that would not be accompanied by immigration consequences. But, on appeal, Dubon does not provide us with a specific plea agreement that counsel should have pursued or what specific tactics counsel should have engaged in. "When complaining about the adequacy of an attorney's representation, it is not enough to simply claim that counsel should have done a better job. The applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (internal citations omitted). While Dubon opines if counsel was effective, he "would have come up with a different immigration-friendly plea offer," "Dubon would have accepted it, the State would have accepted it, the court would have accepted it, and the judgment would have been less severe," all of those opinions are mere speculation. We are unable to address this claim. *See id.*

In any event, as the State points out, trial counsel testified in his deposition that pleading guilty or being convicted of the crimes, aggravated felonies, would subject Dubon to removal from the country. And counsel testified he was forced to take the matter to trial because the prosecution refused to enter any plea deal that would result in anything less than Dubon pleading guilty to a felony and being subject to removal. Counsel explored options that would negate removal, but the State was unwilling to agree. We find no breach of duty or prejudice.

### 2. Confession

Next, Dubon argues his "counsel was ineffective by failing to properly challenge the entry of his confession." He alleges counsel was ineffective on this point by failing to get the confessionary statements suppressed by proposing a new standard under the Iowa Constitution and failing to retain an expert witness on the issue of false confessions. On the first point, he claims counsel was under a duty to propose the following standard under the Iowa Constitution as to statements of promissory leniency during confessions: "The State must prove that it did not allow there to be a false promise of leniency by omission by not correcting the defendant's misconception about what will happen should he confess."

Upon our de novo review of the record, we find no compelling reason to expand existing law. *See State v. Storm*, 898 N.W.2d 140, 148 (Iowa 2017). We leave the issue to the supreme court to address should it choose to do so. And we agree with the district court the claim under the Iowa Constitution was not one worth raising under the circumstances of this case. At the commencement of the interview resulting in Dubon's confession, the detective advised Dubon he was not in custody and he would walk out at the end of the interview just as he walked in before it. During the interview, Dubon reported if he is "guilty of something" he needs "help." The detective advised, "that's what we're here to find out." Dubon advised several times, he would need "help" if he was guilty. On appeal, Dubon seems to imply the detective was under a duty to advise he would be subject to criminal punishment as opposed to mere therapeutic "help" if he was guilty. But the detective never made an express promise of leniency, and we do not view the detective's failure to advise Dubon he would be looking at criminal punishment as

a promise of leniency or that it bore on the voluntary nature of Dubon's confession. We find counsel was under no duty to argue for a new heightened standard and counsel was therefore not ineffective as alleged. Nor do we find a reasonable probability of a different outcome had the issue been raised. Even if the confession was suppressed, the remaining evidence of guilt against Dubon was overwhelming and he was not prejudiced. *See State v. Lorenzo Baltazar*, 935 N.W.2d 862, 872–73 (Iowa 2019).

We turn to Dubon's claim trial counsel was ineffective in failing to retain an expert witness on the issue of false confessions. On our de novo review, as noted above, we find no objective or subjective indices of involuntariness or falsity in relation to Dubon's confession; counsel was under no duty to retain an expert on the issue; even if counsel had pursued an expert at State expense, the request would have properly been rejected; and Dubon therefore suffered no prejudice.

### 3. Confrontation

Next, Dubon argues his criminal counsel was ineffective in failing "to propose a stricter Iowa standard for confrontation clause issues." Trial counsel objected to the closed-circuit testimony of Dubon's daughters on confrontation grounds, but he did not request application of a heightened standard under the Iowa Constitution. He proposes that the Iowa Constitution mandate "an absolute right for face to face meeting with witnesses against defendants at trial." But attorneys are not expected to anticipate changes in the law and will not be found ineffective for want of clairvoyance. *Milliam v. State*, 745 N.W.2d 719, 722 (Iowa 2008). If a legal issue is not clear, the issue is whether an attorney of normal competence would find no worth in raising the issue. *Id.* Similar to Dubon's claim

relating to his confession, we find no compelling reason to expand existing law. *See Storm*, 898 N.W.2d at 148. We also leave this issue to the supreme court to address should it choose to do so. And given the lack of case law representing a departure from the federal approach to confrontation, we agree with the district court the claim was not one worth raising and counsel did not breach an essential duty resulting in prejudice.

> ### 4. Vouching

Dubon next argues his counsel was ineffective because he "had no strategy on vouching" and "opened the door to vouching evidence." Assuming without deciding counsel failed to perform an essential duty in relation to evidence impermissibly vouching for the victims' credibility, Dubon must still meet the prejudice prong of his ineffective-assistance claim. Dubon only complains about his counsel eliciting testimony from an expert regarding her opinion about whether Dubon groomed his daughters, and the State's redirect examination on the subject. First of all, Dubon's trial was to the court, and the court pointedly advised during the testimony by defense counsel that the expert's testimony on whether Dubon engaged in grooming behavior "invades the province of the court as the factfinder" and "for her to say that Dubon was engaged in grooming behavior is something that this court needs to decide, not her." We are convinced the court knew to disregard the vouching evidence as impermissible, and Dubon therefore suffered no prejudice.

In addition, we again find no reasonable probability of a different outcome had the challenged evidence not been placed before the court. Even without the testimony, and as noted above, the remaining evidence of guilt against Dubon was

overwhelming and he was not prejudiced. *See Lorenzo Baltazar*, 935 N.W.2d at 872–73.

### 5. False memory theory

Dubon claims his counsel rendered ineffective assistance in failing to pursue a false memory theory—that the "children were simply mistaken" as to their allegations of abuse "because the memories had been put into their heads through suggestible interviews." But counsel did pursue a coaching theory of defense, that the children's mother coached the children and convinced them of abuse that never took place actually occurred. While counsel did not put forward a theory that the allegations were derived from false memories flowing from the interviews of the children, our supreme court has directed that we not "assume the role of Monday morning quarterback" in judging counsel's defensive tactical decisions, and we find counsel performed within the normal range of competence. *State v. Newman*, 326 N.W.2d 788, 795 (Iowa 1982). And we agree with the State that the distinction between the coaching and purported false memory theories "is so subtle as to be insignificant." Counsel attempted to put forth evidence that false allegations were implanted in the children's heads. We find no breach of an essential duty or prejudice.

### 6. Cumulative Error

Finally, Dubon argues, "The prejudice caused by prior counsel's errors added up to create cumulative error." "[I]f a claimant raises multiple claims of ineffective assistance of counsel, the cumulative prejudice from those individual claims should be properly assessed under the prejudice prong of *Strickland*." *State v. Clay*, 824 N.W.2d 488, 501 (Iowa 2012). Where, as here, "the court is assessing

multiple claims and assumes without deciding counsel breached an essential duty," as we have done in relation to Dubon's vouching claim, "then the reviewing court should consider whether the assumed breaches, cumulatively, resulted in *Strickland* prejudice." *State v. Jones*, No. 16-1828, 2018 WL 1858296, at *7 (Iowa Ct. App. Apr. 18, 2018); *accord Clay*, 824 N.W.2d at 501–02.

We have only assumed counsel breached a duty in relation to one claim, which we concluded did not result in prejudice. The assumed breach does not undermine our confidence in the outcome, *see Strickland*, 466 U.S. at 694, so we reject Dubon's claim of cumulative error.

## III. Conclusion

Finding no cause for reversal on the issues presented for our review, we affirm the denial of Dubon's application for postconviction relief.

**AFFIRMED.**