# IN THE COURT OF APPEALS OF IOWA

No. 21-0394
Filed March 30, 2022

**JERREL EMANUAL WILLIAMS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Scott County, John D. Telleen,

Judge.

        Jerrel Williams appeals the denial of his application for postconviction relief.

**AFFIRMED**.

        Zeke R. McCartney of Reynolds & Kenline, L.L.P., for appellant.

        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee State.

        Considered by Schumacher, P.J., Ahlers, J., and Mullins, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**AHLERS, Judge.**

Following a jury trial, Jerrel Williams was convicted of possession with intent to deliver crack cocaine as a habitual offender with enhancements for doing so within 1000 feet of a public park or recreation center.[1] As a result of the conviction, he was sentenced to up to sixty years in prison with a nine-year minimum.[2]

The evidence at trial demonstrated that a law enforcement officer responded to a specific apartment in response to reports of illegal delivery of crack cocaine at that apartment. As he talked to one occupant of the apartment, the officer saw another man inside the apartment, later identified as Williams, throw something. Packets of crack cocaine were located near where Williams was seen to have thrown something upon the officer's arrival.

After we affirmed his conviction on direct appeal,[3] Williams filed an application for postconviction relief (PCR). In it, he alleges his trial counsel was ineffective in several ways. Relevant to this appeal, Williams alleges his trial counsel was ineffective for advising him to reject the State's plea offer and for failing to object to hearsay evidence regarding known crack cocaine sales at the

---

[1] *See* Iowa Code §§ 124.401(1)(c)(3) (2017) (making it a class "C" felony to possess cocaine with intent to deliver); 124.401A (enhancing the penalty for intending to distribute a controlled substance within 1000 feet of a public park); 902.8 (defining a "habitual offender" as someone twice before convicted of a class "C" or "D" felony).

[2] *See id.* § 902.9(1)(c) (setting a maximum sentence of fifteen years for a habitual offender); *see also id.* §§ 124.401A (adding five years to the maximum sentence for anyone convicted of possessing cocaine with the intent to deliver within 1000 feet of a school or public recreation center); .411 (permitting the tripling of the maximum term of incarceration for a second or subsequent offense under chapter 124); 902.8 (setting a minimum term of incarceration of three years for a habitual offender).

[3] *See State v. Williams*, No. 18-0244, 2019 WL 156639 (Iowa Ct. App. Jan. 9, 2019).

location where he was found and arrested. After a hearing, the district court dismissed Williams's PCR application, finding he failed to prove trial counsel breached an essential duty and that prejudice resulted from any alleged breach. Williams appeals from the district court's ruling.

## I.      Standard of Review

Denial of PCR applications is generally reviewed for corrections of errors at law. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). However, when the applicant alleges ineffective assistance of counsel, we review de novo. *Id.* This means we give weight to the district court's fact findings concerning witness credibility, but we are not bound by them. *Id.*

## II.     Analysis

A PCR applicant alleging ineffective assistance of counsel must prove a two-pronged claim by a preponderance of the evidence: (1) counsel failed to perform an essential duty; and (2) the failure resulted in prejudice. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). Both prongs must be established. *Id.* Accordingly, we need not address the remaining prong if the applicant failed to prove the other. *Id.*

As to the first prong, we presume the attorney performed competently. *Id.* The attorney's performance is measured against "the standard of a reasonably competent practitioner." *Id.* "We assess counsel's performance 'objectively by determining whether [it] was reasonable, under prevailing professional norms, considering all the circumstances.'" *Id.* (alteration in original) (citation omitted). To successfully rebut the presumption and satisfy this prong, the applicant must show

by a preponderance of the evidence that counsel failed to perform an essential duty. *Id.*

To satisfy the second prong, the applicant must show that prejudice resulted from counsel's failure to perform an essential duty. *Id.* This too must be shown by a preponderance of the evidence. *Id.* at 868–69. The applicant must show "that the probability of a different result is sufficient to undermine confidence in the outcome." *Id.* at 869 (quoting *State v. Clay*, 824 N.W.2d 488, 496 (Iowa 2012)). Moreover, when the applicant claims ineffective assistance in the context of rejecting a plea offer, there are three elements the applicant must show under this prejudice prong:

> (1) "a reasonable probability [the applicant] would have accepted the earlier plea offer had [the applicant] been afforded effective assistance of counsel"; (2) "a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law"; and (3) "a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time."

*Id.* (quoting *Missouri v. Frye*, 566 U.S. 134, 147 (2012)).

Having laid out some of the standards that apply, we turn to Williams's specific claims.

### A. Rejection of a Plea Offer

Although the exact terms of the plea offer are not crystal clear, it appears that the State offered Williams a deal by which the State would drop all enhancements other than the habitual offender enhancement in return for Williams pleading guilty to the possession-with-intent-to-deliver charge. If Williams had accepted the offer, he would have faced a maximum of fifteen years in prison, with

a three-year minimum. *See* Iowa Code § 902.9(1)(c) (setting the maximum incarceration for a habitual offender at fifteen years); *see also id.* § 902.8 (setting a minimum sentence of three years for a habitual offender). Instead of accepting the offer, he rejected it. He went to trial, was found guilty as charged, and was sentenced to an indeterminate term of incarceration not to exceed sixty years with a nine-year minimum.

Williams contends he received ineffective assistance of trial counsel because he was advised to reject the plea offer in favor of going to trial. He insists the only reason he rejected the plea offer was because his counsel advised him there was a strong chance of winning the case at trial. His trial counsel testified that she did not recall advising Williams to reject the plea offer, though she did state she thought it was a good case to take to trial.

The district court rejected Williams's contention. In doing so, it found "Williams simply testified that he regarded the allegations set forth in [the applicable paragraph of the PCR application] as true. He provided little in the way of specifics. His testimony was not convincing." We give this credibility finding considerable deference. *See State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004) ("We give considerable deference to the trial court's findings regarding the credibility of the witnesses, but are not bound by them."). With that deference in mind, we reject Williams's contention. We are not convinced his trial counsel told him to reject the plea offer, thus counsel did not breach an essential duty. Further, we are not convinced trial counsel breached a duty even if she did advise Williams not to accept the plea offer. We are persuaded by this reasoning of the district court:

Even if the Court assumes for the sake of argument that [trial counsel] did tell Mr. Williams he had a strong case of winning, the Court cannot conclude her providing that opinion was ineffective. Providing a client with an opinion as to an expected jury outcome on a given set of facts is an inexact science to say the least. Here we have a situation in which an officer testified he saw the defendant throw the drugs and shortly thereafter found the drugs either on the floor or on the bed where he had seen the defendant throw them. He was not found to have any drugs on his person when searched. He had no cash, no crack pipe, no cutting agents or other indicia often found on people engaged in the sale of drugs. The lighting in the room was arguably poor. The whole case came down to whether the jury would believe the officer's testimony and conclude that was sufficient evidence beyond a reasonable doubt. This was certainly not the strongest case in the world for the prosecution. Under these circumstances, it is hard to second guess [trial counsel] even if she did tell Mr. Williams he had a strong chance of winning.

We add to this accurate analysis the fact that the apartment in which Williams was found was not his apartment, making it a tougher sell to the jury that the drug packets found scattered in the apartment belonged to Williams if they did not believe the officer's testimony that he saw Williams throw them.

Finally, we note that, before trial began, the terms of the plea offer were placed on the record. The trial judge had a very candid and accurate discussion with Williams about the significant disparity in the amount of prison time he faced if he were found guilty at trial versus if he accepted the plea offer. Williams expressed no hesitation and unequivocally stated his decision to reject the plea offer and proceed to trial. We are convinced the decision to reject the plea offer was made by Williams based on his own desires and not any poor advice from his attorney.

For all of these reasons, we agree with the district court that Williams failed to prove his trial counsel breached an essential duty in connection with Williams's

decision to reject the plea offer and proceed to trial. His ineffective-assistance-of-counsel claim on this issue fails as a result.

## B.      Lack of a Hearsay Objection

Williams further contends he received ineffective assistance of trial counsel because his counsel failed to object to hearsay evidence at trial. It is not entirely clear what evidence Williams claims to be the offending evidence. The evidence Williams actually identifies as the offending evidence in his brief is this exchange during the State's questioning of its main witness, the officer who claimed to witness Williams throw the drugs:

> Q. And are there known drug sales that take place at [the park near the apartment]? A. Absolutely, yes.

Williams then characterizes this evidence as "testimony that the apartment at issue had '[]known drug sales.'" We see no interpretation of the quoted testimony that would constitute testimony about drug sales at the apartment at issue. Instead, we surmise that Williams is actually referring to this testimony by the same officer[4]:

> Q. And did you respond to a report of an adverse reaction to drugs on that date? A. I did.
> Q. And did you receive information as to the delivery of drugs on that date? A. I did.
> Q. And where was it that that delivery was to have taken place?  A. [The street address and apartment number of the apartment in which Williams was found.]
> . . . .
> Q. So you received information that there was a delivery. Did you know what type of drug—
> DEFENSE COUNSEL: Objection, your Honor. Leading.
> STATE: Your Honor, he already provided testimony as to the reason to provide context.
> DISTRICT COURT: Overruled.

---

[4] In its brief, the State identifies this testimony as the testimony at issue. This also appears to be the evidence the district court ruling on Williams's PCR application considered as the allegedly offending testimony.

Q. Did you know what type of drug you were responding in regards to? A. Yes, crack.

Q. Okay. So just summarize for us exactly what happened when you arrived at that apartment. A. I received information that a black male with dreads, with the street name of Poohti, was selling crack out of the rear of that apartment. The information said that the back door should be open, and the rear apartment facing away from [the named street]. From previous contact with the resident there, I knew [J.H.], a white male, lived there and that the door faced the rear.

We discern this to be the challenged testimony on appeal. We reach this conclusion based on the complaint in Williams's brief that the testimony at issue was testimony about drug sales at the apartment, the State's citation to this passage as the allegedly offending testimony, and the fact that the district court appears to have been referencing this testimony in its PCR ruling.[5]

As noted, trial counsel did not object to the testimony as hearsay. However, counsel had no duty to object to this testimony as hearsay. "When an out-of-court statement is offered, not to show the truth of the matter asserted but to explain responsive conduct, it is not regarded as hearsay." *State v. Mitchell*, 450 N.W.2d 828, 832 (Iowa 1990). These statements fall into that category. It was clear from the context that the officer was not offering this testimony to prove sales of crack had occurred at the apartment at issue. Rather, he was explaining the information he received that caused him to go to that apartment to investigate. "Trial counsel has no duty to raise an issue that has no merit." *Millam v. State*, 745 N.W.2d 719, 721–22 (Iowa 2008) (quoting *State v. Graves*, 668 N.W.2d 860, 881 (Iowa 2003)).

---

[5] To the extent Williams actually intended to challenge the first quoted question and answer, we reject that claim as well, as there is nothing in the officer's answer suggesting he was repeating an out-of-court statement as opposed to testifying about events he had personally witnessed. *See* Iowa R. Evid. 5.801(c) (defining hearsay). Therefore, it was not hearsay and trial counsel had no duty to object.

Because this testimony from the officer was not offered for the truth of the matter asserted, it was not hearsay and counsel had no duty to object to it as such. Williams failed to prove breach of an essential duty by his trial counsel, so his claim of ineffective assistance of counsel on this issue was properly denied.

**III.    Conclusion**

Williams failed to meet his burden to prove his trial counsel breached an essential duty on both issues he raises on appeal.  The district court properly denied his application for PCR, and we affirm.

**AFFIRMED**.