# IN THE COURT OF APPEALS OF IOWA

No. 21-1163
Filed May 25, 2022

**CLAY THOMAS PAULSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____


Appeal from the Iowa District Court for Boone County, John R. Flynn, Judge.


Clay Paulson appeals the denial of his application for postconviction relief. **AFFIRMED.**


Jesse A. Macro Jr. of Macro & Kozlowski, LLP, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.


Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**VAITHESWARAN, Judge.**

The State charged Clay Paulson with several crimes arising from a traffic stop in Boone, Iowa, and an inventory search of a backpack in the vehicle. A jury found Paulson guilty of possession of a controlled substance with intent to deliver, a tax-stamp violation, and possession of a prescription drug without a prescription. The court of appeals affirmed the findings of guilt as well as the district court's conclusion that the probative value of certain text messages outweighed the prejudicial effect. *State v. Paulson*, No. 17-2097, 2018 WL 6706221, at *1–2 (Iowa Ct. App. Dec. 19, 2018). The court preserved for postconviction relief Paulson's contention that the messages constituted inadmissible hearsay evidence. *Id.* at *2.

Paulson filed a postconviction-relief application alleging his trial attorney was ineffective (1) in failing to "properly object to hearsay regarding" the text messages and properly preserve the issue for appellate review and (2) in failing to "file a motion to suppress" under *State v. Ingram*, 914 N.W.2d 794 (Iowa 2018), on the ground that "law enforcement searched a bag/backpack as part of an inventory search and did not first obtain a warrant." The postconviction court denied the application following an evidentiary hearing.

On appeal, Paulson reprises the same two arguments. To prevail, he must show (1) deficient performance and (2) prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To establish the first prong, [he] must show [] counsel 'made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *State v. Brown*, 930 N.W.2d 840, 855 (Iowa 2019) (quoting *Strickland*, 466 U.S. at 687). To establish the second prong, he "must prove by a reasonable probability that, but for counsel's

failure to perform an essential duty, the result of the proceeding would have been different." *State v. Booth-Harris*, 942 N.W.2d 562, 577 (Iowa 2020); *accord State v. Boothby*, 951 N.W.2d 859, 865 (Iowa 2020) ("To meet the prejudice prong of his ineffective-assistance claim, [the defendant] would have to show that without [the exhibits], the jury would have had reasonable doubt about his guilt."). Our review is de novo. *See State v. Doolin*, 942 N.W.2d 500, 507 (Iowa 2020).

## I.     Hearsay – Text Messages

Three of the four text messages Paulson challenges on appeal—Exhibits 10, 11, and 14—were drafted by a passenger in the vehicle. At trial, an officer testified the exhibits colloquially referenced methamphetamine, money, and the drug ecstasy. The fourth challenged message—Exhibit 12—was a text from Paulson to the passenger stating they could "drink smoke and blow lines." The officer opined, "Based on the totality of everything, including the backpack, the messages and the prior interaction amongst them, it appeared that Mr. Paulson was engaged in selling various controlled substances." The trial court overruled objections to the exhibits without explicitly addressing defense counsel's hearsay objection. For the following reasons, we conclude there is no reasonable probability that the outcome would have been different had counsel succeeded in having the text messages excluded on hearsay grounds.

First, the district court instructed the jury to disregard references to methamphetamine. The instruction was as follows: "There was testimony of methamphetamine. . . . The defendant in this case is not charged with anything related to methamphetamine, so you are instructed not to consider that testimony against the defendant or to use it against the defendant in your deliberations in the

case." Although the instruction preceded the officer's summary of the text message containing a methamphetamine reference, it was generic enough to apprise the jury that methamphetamine use, delivery, or intent to deliver was not an issue. *See State v. Hanes*, 790 N.W.2d 545, 552 (Iowa 2010) ("We presume juries follow the court's instructions.").

Second, the text messages and the officer's characterization of their import were cumulative of duly admitted testimony establishing Paulson's intent to deliver. As noted on direct appeal, Paulson was seated in the front passenger seat of the vehicle that was stopped. *Paulson*, 2018 WL 6706221, at *1. Officers seized a backpack in that vicinity. *Id.*[1] At trial, the Boone police chief testified to the contents of the backpack, which included "a sealed storage container" with "some other pills that were individually packaged into small baggies." An officer explained why the baggies were important. In his words, "the way I see narcotics packaged are generally in those small you call them Ziploc baggies . . . ." He stated the baggies appeared to be "[n]ew." He also testified that 176 pills were found in the backpack.

Third, although one of the messages referred to ecstasy, which was not among the drugs found in the backpack, Paulson's attorney vigorously cross-examined the officer on this point, mitigating the prejudicial effect of the reference.

---

[1] In an appeal from separate convictions for suborning perjury and solicitation to suborn perjury, the court of appeals concluded, "[T]he State failed to prove the woman's statement to the police officer concerning Paulson's possession of a starred backpack was admissible under the forfeiture-by-wrongdoing exception to the hearsay rule. Because the evidence was inadmissible, we reverse and remand for a new trial." *State v. Paulson*, No. 17-1668, 2019 WL 1486395, at *5 (Iowa Ct. App. Apr. 3, 2019).

Because Paulson did not establish that he was prejudiced by counsel's failure to obtain a ruling on his hearsay objection, we affirm the postconviction court's denial of his ineffective-assistance-of-counsel claim.

## II.    *Failure to File Suppression Motion – State v. Ingram*

The supreme court addressed the constitutionality of warrantless inventory searches in *State v. Ingram*, 914 N.W.2d 794 (Iowa 2018).  The court held that "[e]ven if . . . the police were entitled to seize the car," "absent a knowing and voluntary consent," a search of a "bag—a closed container" found in the car "was impermissible."  *Ingram*, 914 N.W.2d at 820.  The court instructed:

> Absent specific consent to search them, . . . police must inventory closed containers left behind in the vehicle as a unit . . . . Specifically, the police should advise the owner or operator of the options to impoundment; personal items may be retrieved from the vehicle; and if the vehicle is impounded, containers found within the vehicle will not be opened but stored for safekeeping as a unit unless the owner or operator directs otherwise.

*Id.* (internal citations omitted).

On appeal, Paulson contends "[t]he warrantless search" of his backpack, "no matter what title given to it by the State of Iowa, violated both federal and state constitutional law."  His broad assertion that the search fell outside any "of the narrowly drawn exceptions to the warrant requirement" was not decided by the postconviction court.  The court limited its discussion to *Ingram*.  We will do the same.

The postconviction court concluded:

> At the time of Mr. Paulson's jury trial, . . . the Boone Police Department's impoundment policy and inventory policy, including searches of containers within a vehicle, was permissible under Iowa law.  Trial counsel did not have to predict the future to be effective and he certainly did not have the luxury of a crystal ball to foresee

the titanic shift in the law at the time of his representation of Mr. Paulson that was months away.

(Citations omitted.) The court's reasoning finds support in the testimony of Paulson's experienced trial attorney, who stated he "did not see that as a legal issue since it was common practice up until *Ingram* . . . to allow evidence in an inventory search to come in as long as they could lay proper foundation" and "it was . . . settled law or fairly settled that stuff found in inventory" was "admissible." On our de novo review, we fully concur in the court's conclusion. *See Doolin*, 942 N.W.2d at 507 (stating "counsel will not be found ineffective for a lack of 'clairvoyance'" (quoting *Millam v. State*, 745 N.W.2d 719, 722 (Iowa 2008))); *Brown*, 930 N.W.2d at 855 (noting counsel is "not required to predict changes in the law").

We affirm the postconviction court's denial of Paulson's postconviction-relief application.

**AFFIRMED.**