# IN THE COURT OF APPEALS OF IOWA

No. 18-1554
Filed September 11, 2019

**CINDY CHRISTINE HEBRON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.

An applicant appeals the denial of her application for postconviction relief.

**AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

In 2012, Cindy Hebron was involved in a serious automobile accident. During medical treatment, Hebron acted in a violent manner and struck hospital personnel. The hospital had a policy to record trauma center encounters, and Hebron's assaults on the hospital personnel were videotaped. Hebron was taken out of the trauma center for tests and treatment, then brought back. When the nurse started recording Hebron's second time in the room, she inadvertently recorded over the earlier encounter.[1] Hebron again acted violently.

Hebron was charged with operating while under the influence (OWI), second offense, and three separate assaults. The matter proceeded to a jury trial in March 2014. Although the erased recording covering the time of the alleged assaults was not available, witnesses testified about Hebron's assaultive conduct. The jury did view the second recording of Hebron's continued violent behavior.

During jury deliberations, a juror informed the court he had looked up Hebron online after deliberations had begun. He also stated he felt like a "prisoner of war" due to the jury's deadlock on the OWI count.[2] The court and counsel questioned the juror, during which they learned the juror had been trying to determine why Hebron seemed familiar to him but he had not discovered anything relating to the case or Hebron. The juror promptly ended his search after viewing the first result, which was unrelated to Hebron. After the voir dire, the State moved

---

[1] We will refer to the two recordings in this opinion as "erased recording" and "second recording."

[2] The jury had sent a note to the court on the second day of deliberations indicating it had reached an impasse on the first count—the OWI. Hebron moved for a hung-jury mistrial. The court instructed the jury to keep deliberating and to reach a verdict as to the other counts.

for mistrial due to a hung jury on all counts. Hebron's counsel, however, withdrew his prior mistrial motion relating to the OWI count, and then the State withdrew its motion. The court then stated, "I don't think the record warrants a mistrial."

The jury found Hebron guilty of one count of assault on a healthcare provider as charged, guilty of a lesser-included count of assault on a health care worker, and not guilty of the third count of assault. The jury deadlocked and did not return a verdict on the OWI charge. Hebron later pleaded guilty to OWI, first offense.

On direct appeal, we affirmed Hebron's convictions, finding sufficient evidence supported her assault convictions and finding her ineffective-assistance-of-counsel claim relating to the guilty plea failed on both the performance and prejudice prongs. *State v. Hebron*, No. 14-1344, 2015 WL 3876788, at *4–5 (Iowa Ct. App. June 24, 2015),

On July 5, 2016, Hebron filed an application for postconviction relief (PCR), which was later amended by appointed counsel.

A trial was held on June 21, 2018. Hebron testified, as did her trial counsel. On August 12, the district court denied Hebron's PCR application. Hebron filed a motion to amend and enlarge and submitted an additional exhibit concerning the erased recording.

"We ordinarily review postconviction relief proceedings for errors at law." *Love v. State*, 543 N.W.2d 621, 623 (Iowa Ct. App. 1995). However, constitutional claims are reviewed de novo. *Aguilera v. State*, 807 N.W.2d 249, 252 (Iowa 2011).

.

On appeal, Hebron claims the district court erred in denying her due process claims. Hebron's due process claims include: the State failed to disclose exculpatory video evidence, perjured testimony was presented, and a juror improperly performed outside research. Hebron also claims her speedy-trial right was violated and her counsel provided ineffective assistance by failing to investigate missing evidence and conceding guilt during closing arguments.

*1. Due process claims.* The prosecution has an affirmative duty to disclose exculpatory evidence to a defendant. *Id.* Failure to disclose favorable material evidence violates a defendant's due process rights. *Id.* (discussing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). "To show a *Brady* violation, [the applicant] must prove by a preponderance of the evidence (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material to the issue of guilt." *Moon v. State*, 911 N.W.2d 137, 145 (Iowa 2019) (quoting *DeSimone v. State*, 803 N.W.2d 97, 103 (Iowa 2011)) (internal quotation marks omitted).

Hebron claims a video tape of the erased recording exists, the State knew the video existed, the erased recording contained exculpatory information, and the State failed to disclose and produce the erased recording during discovery. Hebron also claims the nurse treating her the night of the accident—one of the assault victims—perjured herself when testifying about erasing the recording.[3] Hebron claims the nurse made false statements about recording over the video and in claiming Hebron assaulted her and others.

---

[3] The nurse testified she recorded over the initial part of Hebron's trauma center visit, and that she was terminated from her position in part because of the recording error.

The PCR court found no credible evidence supported the existence of a video tape with earlier trauma center encounter. Counsel for the hospital responded to Hebron's subpoena for the erased recording, noting the hospital "is unable to locate the original VHS version of the video." Hebron makes her claims based on what she believes to be true, but her personal belief is not supported by any evidence. At trial, her attorney made a spoliation argument regarding the erased recording and was able to question the nurse about what happened to the erased recording and what it would have shown. As to the assaults, counsel cross-examined the nurse, other witnesses testified the assaults occurred, and Hebron presents no evidence the nurse perjured herself. The jury had a fair opportunity to evaluate the credibility of the witness. We find the credible evidence does not support a finding the erased recording still exists. Even if it existed, there is no evidence the erased recording would be exculpatory or that the nurse made false statements about recording over the erased recording or being assaulted.

With respect to her complaints about the juror who admitted during trial to looking up Hebron online after deliberations had begun and making a "prisoner of war" comment, Hebron now claims the court erred by not granting the State's motion for mistrial, even though the State withdrew the motion and Hebron's counsel withdrew his mistrial motion. The court had no active motion before it.

In any event, when extraneous information may have reached a juror, our review "should be focused on the question of whether any juror or jurors have been shown to be improperly influenced such that a conviction based on a verdict in which the juror or jurors participated simply cannot be upheld." *State v. Christensen*, 929 N.W.2d 646, 679 (Iowa 2019). Here, Hebron has not shown any

reasonable probability the jury would have reached a different conclusion without the speculative extraneous information seen by the juror. *See id.* at 680 (finding "no objective reason to consider the jury verdict [w]as motivated by fear from a vague speculative hearsay report on Facebook about a possible riot"). The "prisoner of war" comment related to the juror's refusal to change his mind during deliberations and pressure he felt from other jurors before the aborted research. There is no indication the juror changed his behavior in any way despite the pressure, or that the comment in any way prejudiced Hebron in the jury's decision.

We affirm the PCR court's denial of Hebron's due process claims.

*2.     Speedy trial.*   Hebron's claim relating to her speedy trial right concerns when the waiver was signed. She admits to signing a written speedy trial waiver on November 1, 2012, one month after her October 1 arraignment. On September 13, 2013, Hebron also signed a waiver of her right to be tried within one year.[4] Hebron claims there is "no record of that waiver" and she testified she does not remember signing the waiver. She claims the waiver was not voluntary and is not valid because she did not have a waiver colloquy with the court.

The court file contains a copy the one-year trial waiver with a file stamp of September 13, 2013. Hebron's claim that no record exists is thus without merit.[5] Her voluntariness argument appears to rely on an assumption the case would have been dismissed if she had not signed the waiver. However, she filed the waiver in

---

[4] Counsel confused the ninety-day speedy trial waiver filed on November 1, 2012, with the waiver of Hebron's right to trial within one year of arraignment, which was filed on September 13, 2013. Because the issue raised in the PCR application was the one-year requirement, this is the question we address.

[5] We note the waiver was filed within the year time frame.

order to obtain a continuance beyond the one-year period, and that waiver followed Hebron's three prior motions to continue or extend time. There is no basis to establish her refusal to sign would have resulted in an untimely trial and a dismissal of the prosecution. Instead, the continuance allowed for trial at a time Hebron's witnesses were available. Given the waiver was filed to support Hebron's request to continue the trial beyond the one-year period, we find the waiver was voluntary. Regardless of the waiver, under Iowa Rule of Criminal Procedure 2.33(2)(c), the court may grant an extension beyond one year if good cause is shown. The district court found good cause existed in the underlying case.

Hebron cites no authority to support the proposition a court colloquy is required for a defendant to waive their right to a speedy trial; therefore, that issue is waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). We affirm the district court on the speedy trial issue.

*3.     Ineffective assistance of counsel.* "To prevail on a claim of ineffective assistance of counsel, the applicant must demonstrate both ineffective assistance and prejudice." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). "[T]he applicant must present 'an affirmative factual basis establishing inadequate representation.'" *Millam v. State*, 745 N.W.2d 719, 721 (Iowa 2008) (citation omitted). "[W]e do not delve into trial tactics and strategy 'when they do not clearly appear to have been misguided.'" *State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006) (citation omitted). "Trial counsel's performance is measured objectively by determining whether counsel's assistance was reasonable, under prevailing professional norms, considering all the circumstances." *State v. Lyman*, 776

N.W.2d 865, 878 (Iowa 2010), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 708 n.3 (Iowa 2016). On appeal, Hebron claims her trial counsel provided ineffective assistance by failing to fully investigate the existence of the erased recording and by conceding her guilt during closing arguments.

The evidence does not support Hebron's claim that trial counsel failed to adequately investigate the erased recording. Hebron's counsel had already filed a motion to produce against the State, asking in bold and underlined letters for "all video and audio taken by law enforcement and/or by Methodist Hospital in Des Moines, Iowa." This motion to produce resulted in the State providing a copy of the second recording—the portion after the assault. The record shows counsel exploring what happened to the erased recording showing the assaults in a motion in limine hearing, an offer of proof, and witness testimony. Hebron does not suggest any additional investigatory actions counsel could reasonably have taken that would have resulted in the production of the erased recording.

Hebron also claims her attorney conceded her guilt during closing arguments by saying she hit, spit, swore, and kicked during her hospital encounter. Her attorney testified the actions were caught on video in the second recording and could not be disputed. He stated during a deposition, "It would have been fruitless to deny the acts." Her attorney further testified his trial strategy was to dispute Hebron's intent to commit assault, and the closing argument reflects that strategy while acknowledging the second recording where the jurors had seen her behavior. The statements conceding her behavior were made in the context of describing how under all the circumstances she could not have been in the mental

state to intentionally commit the acts she was charged with. We find counsel's performance was reasonable under the circumstances and Hebron has not demonstrated prejudice calling the result of the proceedings into doubt. Therefore, Hebron's claim of ineffective assistance of counsel fails.

**AFFIRMED.**